IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANTHONY E. OWENS                                        PLAINTIFF

v.                  Civil No. 06-2065

DEBORAH AVILLION,
Office of Child Support
Enforcement                                                   DEFENDANT

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff's complaint was filed in this case on June 5, 2006. Plaintiff proceeds pro se and *in forma pauperis*. Before the undersigned is the issue of whether the complaint should be served.

## **BACKGROUND**

Owens is currently incarcerated in the Sebastian County Detention Center (SCDC). He names as a defendant Deborah Avillion, an employee of the Office of Child Support Enforcement.

According to the complaint, Owens has been ordered to pay child support. Owens alleges he is incarcerated because of the child support obligation. He asserts he has not had a DNA test done.

Owens alleges that he is disabled. He indicates he has had two prior back surgeries and has to have another surgery. He asserts he has a claim for Supplemental Security Income (SSI) Benefits pending.

As relief, Owens asks that the child support case be dismissed. He also asks that he be paid $1,000 for each day he was held pursuant to the child support body attachment.

-1-

**DISCUSSION**

This case is subject to dismissal prior to service of process. The primary purpose of the Americans with Disabilities Act (ADA) is to provide individuals with disabilities "civil rights protections with respect to discrimination that are parallel to those provided to individuals on the basis of race, color, national origin, sex, and religion." 56 Fed. Reg. 35,545 (1991). The ADA's goal is to provide a "clear and comprehensive national mandate for the elimination of discrimination" with "clear, strong, consistent, enforceable standards" to address such discrimination. 42 U.S.C. § 12101(b)(1), (2).

The ADA contains five titles: Employment (Title I); Public Services (II); Public Accommodations and Services Operated by Private Entities (Title III); Telecommunications (Title IV); and Miscellaneous Provisions (Title V). The allegations of the complaint appear to involve Title II.

Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). "Public entity" is defined to include "any State or local government" and "any department, agency, . . . or other instrumentality of a State." 42 U.S.C. § 12131(1).

AO72A
(Rev. 8/82)

"To prevail on a disability discrimination claim, a plaintiff must show that: (1) he is a qualified individual with a disability; (2) he was excluded from participation in a public entity's services, programs or activities; and (3) such treatment was because of his disability." *Sonkowsky ex rel Sonkowsky v. Board of Educ. for Independent School District No. 721*, 327 F.3d 675, 678 (8th Cir. 2003).

In this case, Owens does not allege that he was excluded from participation in the services, programs, or activities of a public entity. Instead, he alleges that the "public entity" has acted in accordance with its mandate and has attempted to collect child support from him for the benefit of an unidentified minor. In essence, Owens seeks to invoke the ADA as a shield to protect him from the enforcement activities of a public entity.

There is no allegation that Owens is being treated differently than any other individual who allegedly owes child support and is subject to an enforcement action by the Office of Child Support Enforcement. Owens' argument is that because of his disability he should somehow be insulated from the enforcement action. Owens attack on the actions of the defendant is nothing more than a collateral challenge to these actions under the guise of an ADA claim. Clearly under these facts, no claim is stated under the ADA.

## CONCLUSION

I therefore recommend this action be dismissed prior to service of process on the grounds that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Owens has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections**

AO72A
(Rev. 8/82)

**may result in waiver of the right to appeal questions of fact. Owens is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of July 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)